THE ATTORNEY GENERAL IS IN RECEIPT OF YOUR QUESTIONS, ASKING, IN EFFECT:
 (1) WHEN CRIMINAL OFFENDERS ARE ORDERED BY THE COURT TO PERFORM COMMUNITY SERVICE WORK ON BEHALF OF A GOVERNMENTAL ENTITY (I.E., COUNTY, CITY, SCHOOL DISTRICT, OR STATE AGENCY), TO WHAT EXTENT COULD THAT GOVERNMENTAL AGENCY BE HELD LIABLE FOR THE TORTIOUS CONDUCT OF THE OFFENDER WHICH CAUSES INJURY OR PROPERTY DAMAGE TO THIRD PARTIES?
 (2) WOULD NON-PROFIT, PRIVATE PARTICIPATING SPONSORS BE TREATED DIFFERENTLY, FOR PURPOSES OF TORT LIABILITY TO THIRD PARTIES?
 (3) IF SUCH AN OFFENDER, WHILE PERFORMING COMMUNITY SERVICE WORK ON BEHALF OF A GOVERNMENTAL ENTITY OR A PRIVATE NON-PROFIT ORGANIZATION, IS INJURED ON THE JOB, TO WHAT EXTENT MIGHT THE AGENCY BE LIABLE TO THE OFFENDER FOR SUCH INJURY?
BECAUSE THE ANSWERS TO YOUR QUESTIONS NECESSARILY INVOLVE THE ASSESSMENT OF FACT QUESTIONS, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL WOULD LIKELY NOT BE APPROPRIATE OR COMPLETELY RESPONSIVE TO THE QUESTIONS YOU HAVE ASKED TO BE ADDRESSED. I AM THEREFORE AUTHORIZED TO OFFER YOU THIS INFORMAL LEGAL OPINION REGARDING YOUR QUESTIONS. THE OPINIONS EXPRESSED HEREIN ARE THOSE OF THE AUTHOR ONLY AND SHOULD NOT BE CONSTRUED TO BE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. PLEASE FEEL FREE TO CONTACT ME IF YOU STILL HAVE QUESTIONS ON THE SUBJECT AFTER REVIEWING THIS LETTER.
GENERALLY, YOU ARE ASKING WHETHER, AND TO WHAT EXTENT, TORT LIABILITY MIGHT ARISE ON BEHALF OF A GOVERNMENTAL OR PRIVATE AGENCY, WHICH ACCEPTS THE COURT-ORDERED SERVICES OF A CRIMINAL OFFENDER. THE LIABILITY QUESTIONS FOCUS ON INCIDENTS ARISING AS A RESULT OF TORTIOUS CONDUCT OF THAT OFFENDER AND/OR FOR THE WORK-RELATED INJURIES THAT OFFENDER MAY INCUR HIMSELF. THE OKLAHOMA COURTS HAVE AUTHORITY UNDER THE PROVISIONS OF THE COMMUNITY SERVICE SENTENCING PROGRAM, ESTABLISHED PURSUANT TO THE PROVISIONS OF 22 O.S. 991A-4 (1988), TO ORDER AN OFFENDER TO PERFORM COMMUNITY SERVICE WORK AS A PART OF HIS OR HER CRIMINAL SENTENCE. THE ACT SPECIFIES THE ELIGIBILITY REQUIREMENTS FOR OFFENDERS PARTICIPATING IN THE PROGRAM (22 O.S. 991A-4(B)) AND PROVIDES, AMONG OTHER THINGS, THAT YOUR AGENCY, THE PROBATION AND PAROLE DIVISION OF THE DEPARTMENT OF CORRECTIONS SHALL ADMINISTER THE PROGRAM, EXCEPT IN COUNTIES WITH A POPULATION OF AT LEAST $50,000, WHICH OPERATE AN EXISTING PROGRAM (22 O.S. 991A-4(C) (1988)). PARTICIPATION IN THE PROGRAM BY GOVERNMENTAL ENTITIES AND NON-PROFIT ORGANIZATIONS IS VOLUNTARY. 22 O.S. 991A-4(F).
THERE ARE SEVERAL FACT QUESTIONS WHICH DIRECTLY IMPACT THE ANALYSIS OF THIS OPINION. BECAUSE A DETERMINATION OF QUESTIONS OF FACT DEPEND UPON THE CIRCUMSTANCES OF ANY GIVEN CASE, QUESTIONS OF FACT ARE NOT THE PROPER SUBJECT OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, HOWEVER, FOR PURPOSES OF THIS INFORMAL OPINION, A FEW FACTS WILL BE PRESUMED. INITIALLY, IT IS PRESUMED THAT THE OFFENDERS IN QUESTION ARE PROPERLY QUALIFIED TO PARTICIPATE IN THE PROGRAM AND ARE SENTENCED IN ACCORDANCE WITH THIS STATUTORY SCHEME. SECONDLY, IT IS PRESUMED THAT IN A COURT OF LAW, THE OFFENDER PARTICIPATING IN THE PROGRAM COULD BE FOUND, AS A MATTER OF FACT AND LAW, TO BE AN 'EMPLOYEE OF THE SPONSORING AGENCY. AND, THIRDLY, IT IS PRESUMED THAT THE LIABILITY IN QUESTION AROSE OUT OF CONDUCT OCCURRING WHILE THE OFFENDER/EMPLOYEE WAS ACTING WITHIN THE SCOPE AND COURSE OF HIS OR HER EMPLOYMENT WITH THE SPONSORING AGENCY. IT IS ALSO PRESUMED FOR PURPOSES OF THIS DISCUSSION THAT THE LIABILITY INCIDENT IN QUESTION IS ONE OF SIMPLE NEGLIGENCE. BECAUSE OF THE NUANCES IN THE LAW GOVERNING CIVIL RIGHTS LIABILITY, THIS DISCUSSION WILL NOT ADDRESS ISSUES OF LIABILITY WHICH POTENTIALLY COULD ARISE UNDER FEDERAL LAW.
TITLE 22 O.S. 991A-4(H) MAKES A SPECIFIC REFERENCE TO IMMUNITY PROVIDED FOR ENTITIES PARTICIPATING IN THE PROGRAM, INCLUDING THE STATE OF OKLAHOMA, COUNTIES AND MUNICIPALITIES AND ALL NONPROFIT OR EDUCATIONAL ORGANIZATIONS OR INSTITUTIONS FOR TORTS COMMITTED BY OR AGAINST ANY OFFENDER PARTICIPATING IN THE PROGRAM. THE SCOPE OF THAT IMMUNITY IS LIMITED TO THE EXTENT SPECIFIED IN 57 O.S. 227 AND 57 O.S. 228 OF THE OKLAHOMA STATUTES. TITLE 57 O.S. 228 (1988) ESTABLISHES TORT IMMUNITY ON BEHALF OF THE GOVERNMENTAL ENTITIES WHICH SPONSOR SUCH OFFENDERS, AND THEN WAIVES THAT IMMUNITY ON BEHALF OF THOSE GOVERNMENTAL ENTITIES, IN ACCORDANCE WITH THE LIABILITY PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT (51 O.S. 151 ET SEQ.).
THUS, THE TORT LIABILITY, RUNNING TO THIRD PARTIES, OF GOVERNMENTAL ENTITIES PARTICIPATING IN THE PROGRAM IS CLEARLY GOVERNED UNDER THE PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 ET SEQ. LIABILITY UNDER THE TORT CLAIMS ACT OF EITHER THE STATE OR THE POLITICAL SUBDIVISION EMPLOYER IS LIMITED UNDER VARIOUS PROVISIONS OF THE ACT, AND PREREQUISITES FOR ESTABLISHING THE EXISTENCE OF SUCH LIABILITY INCLUDE TIMELY FILING A NOTICE OF CLAIM WITH THE PROPER AUTHORITY, (51 O.S. 156), AND THE ABSENCE OF ANY OTHER LIMITATION OR EXEMPTION FROM SUCH LIABILITY WHICH MIGHT BE PRESENT UNDER THE ACT (SEE, 51 O.S. 155). WHETHER OR NOT ANY PARTICULAR EXEMPTION OR LIMITATION UNDER THE TORT CLAIMS ACT WOULD APPLY TO ANY GIVEN CLAIM IS A QUESTION OF FACT OR LAW, ENTIRELY DEPENDENT UPON THE FACTS SURROUNDING THE INCIDENT. THE ANSWER TO YOUR FIRST QUESTION, THEN, IS THAT TORT LIABILITY AS A RESULT OF A TORT INCIDENT ON THE PART OF THE OFFENDER/EMPLOYEE MAY ARISE ON BEHALF OF THE GOVERNMENTAL EMPLOYER/SPONSOR WITHIN THE LIMITATIONS PROVIDED FOR UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 51 ET SEQ.
TITLE 57 O.S. 228 (1988), AND THE IMMUNITY IT CONFERS, HOWEVER, IS LIMITED IN ITS APPLICATION TO GOVERNMENTAL ENTITIES. BECAUSE NO REFERENCE IS MADE IN SECTION 228 TO PRIVATE, NONPROFIT ENTITIES, THE TORT LIABILITY OF THOSE PRIVATE ENTITIES LIKELY WOULD BE GOVERNED UNDER THE ESTABLISHED LAW OF RESPONDEAT SUPERIOR LIABILITY OF AN EMPLOYER WITH RESPECT TO THE ACTS OF HIS EMPLOYEE. SINCE WE HAVE PRESUMED FACTS FOR PURPOSES OF THIS DISCUSSION WHICH WOULD LIKELY RESULT IN SUCH LIABILITY BEING ESTABLISHED UNDER OKLAHOMA LAW, FOR PURPOSES OF THIS DISCUSSION, THE ANSWER TO YOUR SECOND QUESTION IS THAT, UNDER THESE FACTS, PRIVATE SPONSORS DO NOT ENJOY ANY SPECIFIC STATUTORY IMMUNITY FROM TORT LIABILITY FOR THE ACTS OF THE OFFENDER/EMPLOYEE, BY VIRTUE OF THIS PARTICIPATION.
TITLE 57 O.S. 227(B) (1988) EXEMPTS PARTICIPATING OFFENDERS, WITH LIMITED EXCEPTION, FROM THE PROVISIONS OF THE OKLAHOMA WORKERS COMPENSATION ACT, WHETHER THEY ARE PERFORMING SUCH SERVICES ON BEHALF OF A GOVERNMENTAL ENTITY OR A PRIVATE NON-PROFIT ENTITY. TITLE 57 O.S. 227(C) SPECIFIES THAT NEITHER THE STATE NOR ANY COUNTY OR MUNICIPALITY OF THIS STATE NOR ANY NONPROFIT AGENCY SHALL BE LIABLE FOR ANY INJURY TO ANY OFFENDER/EMPLOYEE PARTICIPATING IN THE PROGRAM. THIS STATEMENT OF NONLIABILITY IS ROUGHLY EQUIVALENT TO IMMUNITY, FOR PURPOSES OF WORKERS COMPENSATION TYPE LIABILITY. BECAUSE THE STATUTE PROVIDES SUCH IMMUNITY FOR BOTH GOVERNMENTAL AND NON-GOVERNMENTAL NON-PROFIT AGENCIES, THE ANSWER TO YOUR THIRD QUESTION IS THAT, FOR THE MOST PART, THESE SPECIFIED ENTITIES, BECAUSE OF 57 O.S. 227, WOULD LIKELY NOT BE HELD LIABLE FOR INJURIES OCCURRING TO THE OFFENDER/EMPLOYEE WHILE ACTING IN THAT EMPLOYMENT CAPACITY, WHICH MIGHT OTHERWISE BE CONSIDERED COMPENSABLE UNDER THE WORKERS' COMPENSATION ACT.
IN SUMMARY, IT IS THE OPINION OF THIS AUTHOR THAT (1) THE TORT LIABILITY OF GOVERNMENTAL ENTITIES (WHETHER STATE OR LOCAL), PARTICIPATING IN THIS PROGRAM, WILL BE GOVERNED UNDER THE ESTABLISHED PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 ET SEQ.; (2) THE TORT LIABILITY OF PRIVATE, NON-PROFIT ENTITIES PARTICIPATING IN THIS PROGRAM WILL BE GOVERNED UNDER ESTABLISHED PRINCIPLES OF RESPONDEAT SUPERIOR LIABILITY; AND (3) BOTH TYPES OF PARTICIPATING ENTITIES ENJOY STATUTORY PROTECTION FROM CLAIMS BY THE OFFENDER/EMPLOYEE FOR INJURIES RECEIVED WHILE PARTICIPATING IN THE PROGRAM.
(CATHY CLINTON BARNUM)